**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2073-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL C. SCHARLOO,

    Defendant-Appellant.

_____

Submitted December 14, 2020 – Decided February 3, 2022

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-05-0762.

Joseph E. Krakora, Public Defender, attorney for appellant (Melanie K. Dellplain, Assistant Deputy Public Defender, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sarah C. Hunt, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

A grand jury indicted defendant for first-degree armed robbery, N.J.S.A. 2C:15-1(a)(2) (count one); second-degree robbery, N.J.S.A. 2C:15-1(a)(2) (count two); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-4(d) (count three); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count four); and third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3) (count five). On June 22, 2018, defendant pled guilty to second-degree robbery, and all other charges were dismissed by the court at that time.

On December 6, 2018, defendant appeared before a different judge for sentencing. The judge denied defendant's application for entry into drug court and then sentenced defendant to eight years' incarceration, subject to NERA.

Defendant appeals, arguing that the judge erred by incorporating the weapon element of the dismissed first-degree robbery charge into his reasons for rejecting the drug court application. In the alternative, defendant argues that even if we affirm the denial of defendant's entry into drug court, remand is still appropriate because the sentencing court failed to properly weigh the aggravating and mitigating circumstances. We do not reach the second issue

2

because we agree that defendant's drug court application was rejected by the sentencing judge on impermissible grounds for the reasons set forth below.

We summarize the relevant facts. Defendant was apprehended after his failed attempt to rob a gas station convenience store. He entered the store, brandished a knife, and demanded that the store clerk give him money from the cash register. He was so intoxicated that the store clerk was able to walk out of the store and lock defendant inside until police arrived. In his intoxicated state, defendant attempted to open the locked door from the inside by striking it with his knife and, when police did respond, he held the knife to his own throat, threatening to harm himself. When the police could not persuade him to put down the knife, they used a taser to try to disarm him, but, the record shows, the taser had no effect due to defendant's intoxicated condition. No store employees or patrons sustained any injuries during the robbery.

Defendant pled guilty on June 22, 2019. At the plea allocution, the following exchange took place between defendant, his counsel, and the State:

> Counsel: So Michael, on that day, were you in Sayreville, March 10th, of 2018?
>
> Defendant: Yes, Your Honor.
>
> Counsel: And on that day, did you enter a convenience store?

Defendant:  Yes.

Counsel:  And in entering that convenience store, did you attempt to put one of the employees . . . in fear of bodily injury?

Defendant:  Yes.

Counsel:  And that was for the purpose of being able to commit a theft from the store?

Defendant:  Yes.

Counsel:  You wanted some access to the money in the register?

Defendant:  Yes.

State:  Satisfied, Your Honor.

Defendant applied to drug court pursuant to N.J.S.A. 2C:35-14, and the record shows the State took no position as to his application.  Defendant argued at sentencing that his extensive criminal history was fueled by his long-time drug addiction. He acknowledged that he had previously been admitted to drug court, but he was unsuccessfully discharged.  He acknowledged a prior weapons possession conviction as a juvenile, but he argued that he had committed no crimes of violence against anyone.  He sought another opportunity to complete drug court.  The State argued that defendant was a danger to the community,

noting for the court that defendant went to the gas station convenience store with a "large kitchen knife," brandishing it as he demanded money from the clerk.

The sentencing judge, reviewing the pre-sentence report. found that "defendant attempted to rob a . . . gas station with a twelve-inch butcher knife," telling the clerk to, "give me your money." After noting that the clerk locked defendant in the store, the judge found defendant "tried to open the door by punching and stabbing." He found defendant refused to drop the knife when ordered to do so by police.

The judge reviewed defendant's criminal history:

> As far as his criminal history, he has one juvenile adjudication for possession, drug possession, marijuana, one deferred disposition possession of a weapon and CDS related. Municipal convictions three, possession of CDS prowling and possession with intent to use drug paraphernalia. One local ordinance violation. Four Superior Court violations, CDS possession twice, unlawful possession of a weapon, conspiracy[,] and burglary. Also[,] one DP conviction for theft by unlawful taking[,] as well as the matter that we're here for.

Next, the judge found defendant's substance abuse assessment diagnosed him with severe heroin use disorder, severe alcohol use disorder, severe sedative use disorder, severe cocaine use disorder, and mild hallucinogen disorder. The judge found defendant was classified Track 1 for purposes of his drug court

5

application. In assessing whether defendant was a danger to the community, the sentencing judge stated:

> [I] look at not just the charge that [defendant] pled guilty to, I can't deny somebody because it was a second-degree robbery charge. I have to look much closer and look at the totality of the circumstances. And when I do that, I don't believe that the community would be safe if I were to allow this defendant into the drug court program . . . .

The judge noted that defendant had previously failed to complete drug court and that defendant could suffer a relapse if he were admitted into drug court again. After reviewing defendant's criminal history, finding that defendant was at risk of relapse, and concluding that defendant was prone to what he described as "these types of violent acts," the sentencing judge found him to be a danger to the community. The judge rejected defendant's application and sentenced him to prison. Defendant appealed.

"Drug Courts are specialized courts within the Superior Court that target drug-involved 'offenders who are most likely to benefit from treatment and do not pose a risk to public safety.'" State v. Meyer, 192 N.J. 421, 428 (2007) (citing Administrative Office of the Courts, Manual for Operation of Adult Drug Courts in New Jersey (July 2002)). There are two general ways to be admitted to drug court. See State v. Maurer, 438 N.J. Super. 402, 413 (App.

Div. 2014). Defendants admitted to drug court who are subject to sentencing with a presumption of incarceration and who satisfy the nine separate factors embodied in N.J.S.A. 2C:35-14(a), are assigned to Track 1 and required to serve a period of "special probation" pursuant to N.J.S.A. 2C:35-14(a). Ibid. Defendants with drug abuse problems who are not subject to a presumption of incarceration are assigned to Track 2 and are eligible for drug court under the general sentencing provisions of the Criminal Code pursuant to N.J.S.A. 2C:45-2. Ibid. (citing State v. Clarke, 203 N.J. 166, 174-76 (2010)).

In determining whether to sentence a defendant to special probation,

> the court shall consider all relevant circumstances, and shall take judicial notice of any evidence, testimony or information adduced at the trial, plea hearing or other court proceedings, and shall also consider the presentence report and the results of the professional diagnostic assessment to determine whether and to what extent the person is drug or alcohol dependent and would benefit from treatment.
>
> [N.J.S.A. 2C:35-14(a).]

Defendant argues that the sentencing judge erred by improperly considering a factual element of the dismissed first-degree robbery charge in the process of denying defendant admission into drug court. Defendant points out that he pled guilty to second-degree robbery, which does not contain use of a weapon as an element of the crime, and never admitted during allocution to

7

using a weapon. Given that he did not plead guilty to first-degree robbery, defendant's position is that he "retained the presumption of innocence" with respect to that charge. State v. Melvin, 248 N.J. 321, 350 (2021). He contends that his rejection from drug court, on these facts, violated his "federal and state constitutional rights to due process and fundamental fairness." Id. at 339. We agree.

There is no dispute as to the factual record at defendant's sentencing, consequently we see no need to conduct a deferential review of the judge's fact-finding and credibility assessments. Instead, we look to Melvin, the recently decided Supreme Court case, and its companion, State v. Paden-Battle,[1] for guidance. In each case, the Court held that the due process principles inherent in Article I, paragraph 1 of the New Jersey Constitution and the doctrine of fundamental fairness protected the defendant from a sentencing judge's improper use of facts related to charges for which the defendant was acquitted. Melvin, 248 N.J. at 347-52 (citing State v. Njango, 247 N.J. 533, 537 (2021)).

In this matter, there is no jury acquittal, however, defendant pled guilty to a second-degree robbery charge, with first-degree robbery and corresponding

---

[1] The Supreme Court's consolidated both cases in one opinion. See 248 N.J. 321.

weapons charges dismissed by the court. We discern no constitutionally significant distinction between the judge's dismissal of first-degree robbery charges against defendant at the time of his plea, and jury acquittal on weapons possession and murder charges against Melvin and Paden-Battle. In each case the sentencing court used portions of the factual record for which the defendant had not been found guilty or pleaded guilty to reach the outcome. "[S]uch a practice defies the principles of due process and fundamental fairness." Id. at 349.

In its merits brief, the State argues that the sentencing judge was "not limited only to the factual admissions that comprise the basis for the plea," State v. Fuentes, 217 N.J. 57, 72 (2014), and that for purposes of sentencing, "neither the defendant nor his offense should be fictionalized for purposes of sentenc[ing]." State v. Marzolf, 79 N.J. 167, 180 (1979). It further argues that the judge properly considered the "totality of the circumstances: defendant's personal and criminal history and the full context of defendant's actions." It posits that the "full context" includes "consideration of facts beyond those [facts] defendant specifically admitted in his plea colloquy – namely, [defendant's] possession and brandishing of a knife during the robbery." We disagree.

To accept the State's argument would take defendant's guilty plea to second-degree robbery and make it "a mere preliminary to a judicial inquisition into the facts of the crime that the state actually [sought] to punish . . . ." Melvin, 248 N.J. at 350 (citing Blakely v. Washington, 542 U.S. 296, 306 (2004)). Such a position is contrary to the due process and fundamental fairness principles outlined at length in Melvin. Consequently, we remand for resentencing. Because we remand for resentencing on defendant's application to drug court, we do not reach his excessive sentence arguments. Any arguments not addressed here are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(E)(2).

We vacate the judgment of conviction and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION